Report Date: October 30, 2017

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 31 2017

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Antonio Perez | Case Number: 0980 2:17CR00145-WFN-1 |
| Address of Offender: | Spokane, Washington 99202 |

Name of Sentencing Judicial Officer: The Honorable Donald W. Molloy, U.S. District Judge (Montana)
Name of Sentencing Judicial Officer: The Honorable James L. Robart, U.S. District Judge (WDWA)
Name of Supervising Judicial Officer: The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: September 17, 2010

| | | |
|---|---|---|
| Original Offense: | Conspiracy to Distribute Cocaine, 21 U.S.C. § 841 (b)(1)(B) | |
| Original Sentence: | Prison - 72 months;<br>TSR - 48 months | Type of Supervision: Supervised Release |
| Revocation Sentence:<br>(June 26, 2017) | Prison: Time Served<br>TSR - 24 months | |
| Asst. U.S. Attorney: | U.S. Attorneys Office | Date Supervision Commenced: June 26, 2017 |
| Defense Attorney: | Federal Defenders Office | Date Supervision Expires: June 25, 2019 |

## PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition # 13**: You must follow the instructions of the probation officer related to the conditions of supervision.<br><br>**Supporting Evidence**: Mr. Perez violated his conditions of supervised release by failing to report to the undersigned officer as instructed on October 27, 2017.<br><br>On June 29, 2017, Mr. Perez's conditions of supervised release were reviewed. He signed his judgment acknowledging his understanding of his conditions of supervision, to include standard condition number 13 as noted above.<br><br>On October 27, 2017, the undersigned officer attempted to contact Mr. Perez on his cell phone at 0810 hours after it was discovered that Mr. Perez had not been reporting for urinalysis with Pioneer Counseling Services. When phone calls proved unsuccessful, an attempt was made to contact Mr. Perez at his residence. Upon speaking with his significant other located at the residence, she stated that Mr. Perez no longer resided at that address. |

On October 27, 2017, at approximately 1116 hours, Mr. Perez contact the undersigned officer after he was notified that U.S. probation officers had attempted to make contact with him at his residence. The undersigned officer notified Mr. Perez that he would need to report to the probation office by 1600 hours on this date, to which Mr. Perez stated that he was en route to Omak, Washington, to visit family and would not be able to report as he was not driving. To date, Mr. Perez has not appeared in the office as directed. His whereabouts are currently unknown.

2     **Standard Condition # 7**: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: Mr. Perez violated his conditions of supervised release by failing to report to work since October 12, 2017.

On June 29, 2017, Mr. Perez's conditions of supervised release were reviewed. Mr. Perez signed his judgment acknowledging his understanding of his conditions of supervision, to include standard condition number 7 as noted above.

On October 27, 2017, the undersigned officer attempted to contact Mr. Perez on his cell phone at 0810 hours after it was discovered that he had not been reporting for urinalysis testing with Pioneer Counseling Services. When phone calls proved unsuccessful, an attempt was made to contact Mr. Perez's foreman, Deborah Schmidt, as Mr. Perez had been authorized to work in Western Washington with his employer, Osmose Utilities Services. Ms. Schmidt advised the undersigned officer that Mr. Perez was scheduled to report to work in Western Washington on October 16, 2017, but failed to report. According to Ms. Schmidt, Mr. Perez has not been to work since October 12, 2017. The undersigned officer was led to believe that Mr. Perez was working in Western Washington at that time.

| | |
|---|---|
| 3 | **Special Condition # 2**: The defendant shall participate as instructed by the U.S. Probation Officer in a program approved by the probation office for treatment of narcotic addiction, drug dependency, or substance abuse, which may include testing to determine if defendant has reverted to the use of drugs or alcohol. The defendant shall also abstain from the use of alcohol and/or other intoxicants during the term of supervision. Defendant must contribute towards the cost of any programs, to the extent defendant is financially able to do so, as determined by the U.S. Probation Officer. In addition to urinalysis testing that may be a part of a formal drug treatment program, the defendant shall submit up to eight (8) urinalysis tests per month. |

**Supporting Evidence**: Mr. Perez violated his conditions of supervised release by failing to attend substance abuse treatment as required.

On June 29, 2017, Mr. Perez's conditions of supervised release were reviewed. He signed his judgment acknowledging his understanding of his conditions of supervision, to include special condition number 2 as noted above.

On October 27, 2017, collateral contact with staff at Pioneer Counseling Services confirmed that since accepting clients from the United States Probation Office beginning October 1, 2017, Mr. Perez has failed to avail himself for an assessment as well as subsequent group and individual treatment to include Moral Reconation Therapy. It is noted that Mr. Perez is required to participate in treatment services when he is not working out of town.

| | |
|---|---|
| 4 | **Special Condition # 2**: The defendant shall participate as instructed by the U.S. Probation Officer in a program approved by the probation office for treatment of narcotic addiction, drug dependency, or substance abuse, which may include testing to determine if defendant has reverted to the use of drugs or alcohol. The defendant shall also abstain from the use of alcohol and/or other intoxicants during the term of supervision. Defendant must contribute towards the cost of any programs, to the extent defendant is financially able to do so, as determined by the U.S. Probation Officer. In addition to urinalysis testing that may be a part of a formal drug treatment program, the defendant shall submit up to eight (8) urinalysis tests per month. |

**Supporting Evidence**: Mr. Perez violated his conditions of supervised release by failing to report for random urinalysis testing with Pioneer Counseling Services on October 18, 25, and 26, 2017.

On June 29, 2017, Mr. Perez's conditions of supervised release were reviewed. He signed his judgment acknowledging his understanding of his conditions of supervision, to include special condition number 2 as noted above.

On October 27, 2017, the undersigned officer confirmed with staff at Pioneer Counseling Services that Mr. Perez was required to report for random urinalysis testing on October 18, 25, and 26, 2017, when the color "Brown" was identified for testing. On October 18, 25, and 26, 2017, Mr. Perez failed to report for testing.

5      **Mandatory Condition # 7**: The defendant must pay the total criminal monetary penalties under the schedule of payments on sheet 6.

**Supporting Evidence**: Mr. Perez violated his conditions of supervised release by failing to make payments toward his imposed criminal monetary penalties.

On June 29, 2017, Mr. Perez's conditions of supervised release were reviewed. He signed his judgment acknowledging his understanding of his conditions of supervision, to include his requirement to pay his monetary penalties as noted above.

On September 1, 2017, Mr. Perez signed a financial agreement in which he agreed to make a $25 payment toward his outstanding balance by the 15th day of each month, beginning on September 22, 2017. As of this date, no payments have been made and the remaining balance is $100.

The U.S. Probation Office respectfully recommends the Court **issue a warrant** for the arrest of the offender to answer the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 10/30/2017

s/Amber M.K. Andrade

Amber M.K. Andrade
U.S. Probation Officer

---

THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

Signature of Judicial Officer

10/31/17
Date