PROB 12C
(6/16)

Report Date: September 10, 2020

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 10, 2020

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Antonio Perez                     Case Number: 0980 2:17CR00145-WFN-1

Address of Offender:

Name of Sentencing Judicial Officer: The Honorable Donald W. Molloy, U.S. District Judge (Montana)
Name of Sentencing Judicial Officer: The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: September 17, 2010

| | | |
|---|---|---|
| Original Offense: | Conspiracy to Distribute Cocaine, 21 U.S.C. §§ 841 (b)(1)(B) and 846 | |
| Original Sentence: | Prison - 72 months<br>TSR - 48 months | Type of Supervision: Supervised Release |
| Revocation Sentence:<br>(June 26, 2017) | Prison: Time Served<br>TSR - 24 months | |
| Revocation Sentence:<br>(January 4, 2018) | Prison - 8 months<br>TSR - 49 months | |
| Revocation Sentence:<br>(June 19, 2019) | Prison - 10 months<br>TSR - 28 months | |
| Asst. U.S. Attorney: | Earl Hicks | Date Supervision Commenced: April 10, 2020 |
| Defense Attorney: | Federal Defender's Office | Date Supervision Expires: August 9, 2022 |

### PETITIONING THE COURT

To issue a **warrant.**

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #6**: You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.<br><br>**Supporting Evidence**: It is alleged that on August 31, 2020, Antonio Perez violated special condition number 6 of his supervised release by providing a breath sample that tested positive for alcohol.<br><br>On April 10, 2020, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Perez, as outlined in the judgment and sentence. He signed the judgment acknowledging the requirements. |

On August 31, 2020, the offender was instructed to report to Pioneer Human Services (PHS) for random breathalyzer testing. Mr. Perez subsequently submitted to testing and provided a breath sample that tested positive for alcohol; his blood alcohol content (BAC) at the time was .042.

2     **Standard Condition #8**: You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

**Supporting Evidence**: It is alleged that on August 31, 2020, Antonio Perez violated standard condition number 8 of his supervised release by associating with a known felon, without requesting or receiving authorization to associate.

On April 10, 2020, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Perez, as outlined in the judgment and sentence. He signed the judgment acknowledging the requirements.

On August 31, 2020, the undersigned officer confronted Mr. Perez about information received claiming he had been associating with a known felon, "Daniel." The offender claimed that Daniel was his cousin and eventually admitted that Daniel had been at the residential reentry center (RRC), confirming that he was aware that Daniel was a convicted felon.

This officer subsequently instructed the offender to provide this officer with Daniel's full name and date of birth so a background check could be conducted, but Mr. Perez has refused to do so.

3     **Special Condition # 5**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: It is alleged that on September 2, 2020, Antonio Perez violated special condition number 5 of his supervised release by failing to report for phase urinalysis testing when his assigned color was identified for testing.

On April 10, 2020, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Perez, as outlined in the judgment and sentence. He signed the judgment acknowledging the requirements.

On September 3, 2020, this officer received notification from PHS that the offender failed to report for phase urinalysis testing on September 2, 2020, when his assigned color was identified for testing.

4     **Standard Condition #1**: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: It is alleged that on September 3, 2020, Antonio Perez violated standard condition number 1 of his supervised release by failing to report as instructed by his probation officer.

Prob12C
**Re: Perez, Antonio**
**September 10, 2020**
**Page 3**

On April 10, 2020, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Perez, as outlined in the judgment and sentence. He signed the judgment acknowledging the requirements.

On September 2, 2020, the undersigned officer attempted to contact the offender to inform him he would be placed at the residential reentry center (RRC) effective September 8, 2020, but was unsuccessful.

On September 3, 2020, this officer again attempted to contact the offender, and was unsuccessful. Mr. Perez was subsequently instructed to report to the undersigned officer by 2:30 p.m. on September 3, 2020. The offender failed to report as instructed.

| | |
|---|---|
| 5 | **Special Condition #2**: You must reside in a residential reentry center (RRC) for a period up to 180 days at the direction of the supervising officer. Your participation in the programs offered by the RRC is limited to employment, education, treatment, and religious services at the direction of the supervising officer. The defendant shall abide by the rules and requirements of the facility. |

**Supporting Evidence**: It is alleged that on September 8, 2020, Antonio Perez violated special condition number 2 of his supervised release by failing to report to the residential reentry center (RRC) as required.

On April 10, 2020, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Perez, as outlined in the judgment and sentence. He signed the judgment acknowledging the requirements.

On September 3, 2020, the offender was informed that the Bureau of Prisons (BOP) had assigned him a bed date at the RRC effective September 8, 2020; Mr. Perez was instructed to report to the facility by 12 p.m. on that date.

On September 9, 2020, RRC staff informed this officer that Antonio Perez failed to report to the RRC as instructed.

The U.S. Probation Office respectfully recommends the Court issue **a warrant** requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   09/10/2020

s/Amber M.K. Andrade

Amber M.K. Andrade
U.S. Probation Officer

Prob12C
**Re: Perez, Antonio**
**September 10, 2020**
**Page 4**

THE COURT ORDERS

[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  Other

_____
Signature of Judicial Officer

_9/10/2020_____
Date